UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
| )                                   | |
| Plaintiff,                        ) | |
| v.                                ) | |
| )                                   | Criminal No. 06-0147 (RBW) |
| )                                   | |
| MARK DAVIS MCCRARY,               ) | |
| )                                   | |
| Defendant.                        ) | |
| _____) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Mark Davis McCrary, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, Mr. Davis McCrary respectfully asks the Court to sentence him to a period of probation, the first twelve months of which to be served in community confinement.

**DISCUSSION**

Mark Davis McCrary is 30 years old. He was born and reared in New Jersey and grew up in a single family home with his mother, though he had frequent contact with his father. He has a daughter with whom he shares a close relationship. Although her mother has primary custody of her, Mr. Davis McCrary nevertheless remains intimately involved in the life of his daughter and provides financial support for her well-being. He is a Jehovah's Witness and confides that his recent troubles have led him to examine his life more closely and to reaffirm his faith. As the many letters reflect, this crime represents a marked deviation from an otherwise law abiding life.

See Letters of Friends and Family attached collectively as Exhibit A.

Although Mr. Davis McCreary does not move for a departure under the sentencing guidelines, he asks the Court to recognize that under § 5K2.20, a sentence below the applicable guideline range is permitted where the defendant's criminal conduct constituted "aberrant behavior." Section 5K2.20 lists five factors that preclude such a departure, and Mr. Davis-McCrary does not fall into any of the prohibited categories: (1) there was no serious bodily injury; (2) no firearm was used; (3) his instant offense is not a serious drug trafficking offense; (4) he does not have any criminal history points; and (5) he has no prior felony convictions.

Application Note 1 to U.S.S.G. § 5K2.20 defines "aberrant behavior" as "a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." Mr. Davis McCrary's conduct satisfies this definition.

Mr. Davis McCrary's naivete in committing this crime is surprising. He did nothing facilitate the crime and nothing to hide the crime. He deposited checks that were mailed to him into his own bank account at the Justice Federal Credit Union. He removed funds and wired them to a person in a foreign country he met over the internet. He explains that he wanted to believe that he was not doing anything illegal, even if he had reason to question his actions. As is abundantly clear now, at the time of his offense, Mr. Davis McCrary did not stop to question his actions. He knew that what he was doing was too easy for what he was promised in return, and he knew that it must have been wrong. Nevertheless, Mr. Davis McCrary deposited counterfeit checks into his banking account, driven by the lure of disproportionate financial gain for his efforts. Mr. Davis McCrary was wrong and deeply regrets his actions.

When Mr. Davis-McCrary was approached by law enforcement, he admitted to his wrongdoing. He pled guilty in this matter pre-indictment.

Prior to his conviction in the instant matter, Mr. Davis McCrary had no criminal convictions and was a positive role model for the youngsters he coaches as well as his own daughter. His conviction will cost him a great deal in terms of these relationships. A life in which Mr. Davis McCrary has seemed to make so many good decisions is now forever tarnished as a result of his bad decision in this case. His poor choice was out of character for him and depresses him greatly. His acceptance of wrongdoing in this matter along with the support of the family members have given Mr. Davis McCrary a hopeful perspective for his future. Mr. Davis urges the Court to give him the opportunity to show that the grave mistake he has made is inconsistent with who he is and to impose a sentence that substitutes community confinement for incarceration.

In <u>United States v. Booker</u>, the Supreme Court directed sentencing courts to consider the factors set forth in 18 U.S.C. § 3553(a) in addition to consideration of any applicable sentencing guidelines. These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

The Court should certainly consider that Mr. Davis McCrary's actions are a drastic deviation from an otherwise law-abiding life.

    Mr. Davis recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and effectively provides the defendant with needed educational or vocational training and medical care.  See 18 U.S.C. § 3553(a)(2).  Balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]."  See 18 U.S.C. § 3553(a).  A sentence that restricts Mr. Davis McCrary to home confinement or to a halfway house would be more than adequate to meet the sentencing purposes set forth in §3553(a)(2).  The crime of which Mr. Davis McCrary stands convicted is not a crime of violence.  The victims involved are banks which released funds before the checks that had been deposited cleared.  The banks did not suffer a harm that was unique to them.  None of this is to suggest that Mr. Davis McCrary should not be held accountable.  Indeed, he has already suffered a toll as a result of his tarnished name, the loss of his job, and a permanent felony record.

    While he recognizes that he must be punished, Mr. Davis McCrary asks that he be afforded the opportunity to continue to work, not simply to continue to support his daughter and to pay restitution, but also so that he can make good on the promise he has made to himself to repair his damaged reputation.  He currently earns a small salary working as a waiter at an Olive Garden restaurant and volunteers coaching basketball.  He would like to find a way to share with others the mistakes he has made in his life so they do not follow in his path.  He would like to continue to be involved in the lives of young people.  He would like pursue a career that would

allow him to incorporate these goals while making the victims in this case whole.  See 18 U.S.C. § 3553(a)(7) (outlining "the need to provide restitution to any victims of the offense" in determining a particular defendant's sentence); United States v. Blackburn, 105 F.Supp.2d 1067 (S.D. South Dakota 2000) (departing from Zone B to Zone A so that the defendant could be placed on probation and pay restitution to the victims).

It is within the bounds of this Court's discretion to fashion a sentence that will serve the needs of the public for Mr. Davis McCrary's punishment, but will also acknowledge that this is Mr. Davis McCrary's first and only conviction in his life, that he is capable of living productively, and that the non-judicial consequences of his actions have cost him more than any term of imprisonment could.  Allowing for the victims to begin to be repaid and allowing for the public to benefit through community service by Mr. Davis McCrary in lieu of incarceration would be an appropriate exercise of the Court's sentencing discretion.

**CONCLUSION**

For all of the foregoing reasons and such other reasons as may be discussed at the sentencing hearing in this matter, Mr. Davis McCrary respectfully requests the Court consider as a governing rationale, "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant has not been convicted of a crime of violence or otherwise serious offense." Comment Note to 18 U.S.C. § 3551 (reciting legislative history of federal sentencing scheme).

Having committed acts of which he is ashamed, Mr. Davis McCrary seeks recognition that he is capable and prepared to live the rest of his years free of involvement with the criminal justice system. A sentence of probation with a condition that he serve the first twelve months on electronic monitoring or in a community corrections center would acknowledge that hope remains for Mr. Davis McCrary while at the same time serving society's interest in punishing him. Should the Court impose a sentence of incarceration, Mr. Davis McCrary requests that he be permitted to self-surrender.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
Tony Axam, Jr.
Assistant Federal Public Defender
625 Indiana Ave., N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500